IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONAS MALM, | § | |
| A96 032 108, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2969 |
| | § | |
| ERIC HOLDER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

MEMORANDUM AND ORDER OF PARTIAL DISMISSAL

Before the Court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on August 8, 2011, by alien detainee Jonas Malm. (Docket Entry No. 1). Petitioner is currently detained by the Bureau of Immigration and Customs Enforcement ("ICE") in Houston, Texas, pending an order of removal. (Id.). Petitioner seeks release from custody. (Docket Entries No. 25, No. 26).

Respondents have filed a motion, to dismiss to which Petitioner has filed two responses. (Docket Entries No. 20, No. 25, No. 26).

BACKGROUND

Petitioner is a citizen and a native of Ghana. (Docket Entry No. 1-1, page 2). He was admitted to the United States on February 4, 2001, as a non-immigrant B2 visitor on a temporary permit. (Id.). In January 2003, Petitioner was charged with a

third degree felony of interfering with the duties of a police officer.  Office of Harris County District Clerk Website.[1] Pursuant to a plea of guilty, Petitioner was convicted of the lesser-included misdemeanor offense of interfering with the duties of a police officer in cause number 09350360 in the 174th Criminal District Court of Harris County, Texas; he was sentenced to three days confinement in the Harris County Jail.  Id.

The same year Petitioner married an American citizen. (Docket Entry No. 4).  Petitioner's wife filed an I-130 on his behalf so that he could remain in the country; in 2005, Petitioner and his wife were told by an immigration official that he would receive a green card in two weeks.  (Id.).  He did not receive a green card.

In late February 2010, Petitioner claims he was arrested while at work on an allegation that he had engaged in a fight with someone. (Docket Entry No. 7).  On March 31, 2010, Petitioner was interviewed by ICE officials while detained in the Harris County Jail, awaiting trial on the charge. (Docket Entry No. 1-1, page 2). On April 13, 2010, a Harris County grand jury charged Petitioner with second degree felony aggravated assault with bodily injury. Office of Harris County District Clerk Website.[2]  On August 19, 2010, Petitioner entered a guilty plea to the lesser-included

---

[1]  http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=R7Vj4k9h2t/6

[2]  http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=R7Vj4k9h2t

misdemeanor offense of assault with bodily injury in the 338th Harris County District Court in case number 12570640. Id. He was sentenced to 350 days confinement in the Harris County Jail. Id.; (Docket Entries No. 1, page 3; No. 1-1, page 2).

Thereafter, on September 19, 2010, Petitioner was remanded to ICE custody in Houston, Texas, pending a hearing with an immigration judge ("IJ"). (Docket Entry No. 1-1, page 2). A Notice to Appear issued the same day. (Docket Entry No.14-2, page 1). Petitioner was charged with removal "in that after admission as a nonimmigrant under Section 101(a)(15) of the Immigration and Nationality Act, he remained in the United States longer than permitted and committed crimes in violation of the Act and other laws of the United States." (Docket Entry No. 20, page 2). Petitioner sought release on bond, which was refused. (Id., pages 1-2). On October 21, 2010, the IJ denied Petitioner's request for a change in custody status and noted that he was a "risk to abscond." (Docket Entry No. 1-1, page 14). Petitioner has filed an appeal with the Board of Immigration Appeals ("BIA").[3] (Docket Entry No. 20, page 3). The record does not reflect whether the BIA has issued an order on the appeal.

In late January 2011, Petitioner's wife, through counsel, filed another I-130 Petition for Alien Relative. (Docket Entry No. 1-1, page 21). Petitioner believes the application has been

---

3 Petitioner indicates that he has filed an EOIR-29, which is a Notice of Appeal to the Board of Immigration Appeals from a Decision of an INS Officer. (Docket Entry No.1, page 7).

3

denied because he remains in custody. (Docket Entry No. 4, page 1).

Petitioner complains in the present action that he is not subject to mandatory detention because his assault conviction is not a removable offense. (Docket Entry No. 17, page 1). He seeks an order directing Respondents to release him from custody, and a preliminary and permanent injunction enjoining Respondents from further unlawful detention. (Id., pages 1-2).

<u>DISCUSSION</u>

Respondents argue that because Petitioner seeks termination of removal proceedings, the pending petition should be dismissed pursuant to the REAL ID Act, Pub. L. No. 109-13, 119, Stat. 231, (codified at, *inter alia*, 8 U.S.C. § 1252), which divests all federal district courts of jurisdiction over challenges to final orders of removal. *See* <u>Rosales v. Bureau of Immigration & Customs Enforcement</u>, 426 F.3d 733, 736 (5th Cir. 2005).

Federal courts are courts of limited jurisdiction; therefore, it is incumbent upon the Court to dismiss an action "whenever it appears that jurisdiction may be lacking." <u>Stockman v. Federal Election Comm'n</u>, 138 F.3d 144, 151 (5th Cir. 1998). The exclusive means of judicial review of actions regarding removability is a petition for review filed with the court of appeals, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28...." 8 U.S.C.

4

§ 1252(a)(5).   A subsequent paragraph of § 1252 provides that no court may "enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title...."   <u>Id.</u> § 1252(e)(1)(A).   Because the noted provisions of 8 U.S.C. § 1252 clearly deprive this Court of jurisdiction over removability issues in this case, Petitioner's claims regarding the same are subject to dismissal.

Petitioner has also invoked the Court's jurisdiction under 28 U.S.C. § 2241 to challenge his prolonged detention under the Due Process Clause of the Fifth Amendment.[4]   (Docket Entry No. 18, pages 1-2).   Respondents maintain that the Court lacks jurisdiction to entertain Petitioner's claims regarding his continued detention and his requests to be released from custody because such his detention is not independent or collateral to his challenge to the removal proceeding.   (Docket Entry No. 20, page 3).   Additional facts are needed to resolve this issue; therefore, the Court will retain this issue and order supplementation of the record.

<u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

---

4 Petitioner initially filed his complaint on a form used to seek federal habeas relief under 28 U.S.C. § 2255, which applies to federal inmates seeking relief from their criminal convictions or sentences.   (Docket Entry No.1).   In Motion for Relese [sic] from Custody, Petitioner invoked jurisdiction under 28 U.S.C. §2241, the Suspension Clause of the United States Constitution, 28 U.S.C. § 1331, and 28 U.S.C. § 1651.   (Docket Entry No. 18, page 2).

1.   Petitioner's claims regarding removability are DISMISSED for want of jurisdiction. Petitioner's claims regarding his continued detention are RETAINED.

2.   Respondents shall supplement the record, <u>within thirty (30) days of entry of this Order</u>, with verified proof and exhibits (such as Notice of Appearance, transcripts of proceedings before the IJ, the disposition of any appeal to the BIA, etc.) pertinent to Petitioner's present detention, to show, if such can be done, that ICE--after detaining Petitioner for some 18 months--is still actively prosecuting an ongoing removal proceeding against Petitioner and that he is not being held for some other or independent reason or for no reason at all.

3.   Respondents shall also file within thirty (30) days of this Order a brief explaining exactly which statute(s) or authority warrants the present prolonged detention of Petitioner, and the exact basis for such, to assist the Court in judging whether it has jurisdiction, which brief will supplement their Motion to Dismiss. Respondents shall address with specificity the issues raised by Petitioner regarding his prolonged detention.

4.   Petitioner shall file a response to Respondents' supplemental brief within thirty (30) days of receipt of Respondents' brief. Petitioner is cautioned that his failure to respond may result in dismissal of this action.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this _12th_ day of March, 2012.

                    EWING WERLEIN, JR.
              UNITED STATES DISTRICT JUDGE