IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JONAS MALM,                          §
A96 032 108,                         §
          Petitioner,                §
v.                                   §      CIVIL ACTION NO. H-11-2969
                                     §
ERIC HOLDER, *et al.*,               §
          Respondents.               §

MEMORANDUM AND ORDER OF DISMISSAL

     Before the Court is a *pro se* petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2241 filed on August 8, 2011, by
alien detainee Jonas Malm.  (Docket Entry No.1).  Petitioner is
currently detained by the Bureau of Immigration and Customs
Enforcement ("ICE") in Houston, Texas, pending the completion of
removal proceedings.  (Id.).  Petitioner seeks release from
custody.  (Docket Entries No.25, No.26).

     On March 12, 2012, the Court dismissed Petitioner's claims
over removability issues for want of jurisdiction.  (Docket Entry
No.29).  The Court retained Petitioner's claims regarding his
continued detention and requests to be released from custody, and
ordered respondents to file a verified supplemental record.
(Id.).  On May 3, 2012, Respondents filed a Supplemental Motion
to Dismiss, Reply to Petitioner's Response, Alternatively, Motion
for Summary Judgment.  (Docket Entry No.33).  In response,
Petitioner has filed a "Motion to Dismiss Respondant [sic] Motion
and Demand for Judgment."  (Docket Entry No.35).  Petitioner has

also filed a Memorandum in support of the motion and two supplements to the motion. (Docket Entries No.38, No.39, No.40).

For the reasons to follow, the Court will grant Respondent's motion to dismiss and deny Petitioner federal habeas relief.

BACKGROUND

Petitioner is a citizen and a native of Ghana. (Docket Entry No.1-1, page 2). He was admitted to the United States on February 4, 2001, as a non-immigrant B2 visitor on a temporary permit. (Id.). On January 6, 2003, Petitioner was convicted in an undisclosed court of interfering with the duties of a police officer and sentenced to three days confinement. (Docket Entry No.1-1, page 2). The same year Petitioner married an American citizen. (Docket Entry No.4). Petitioner filed an I-130 visa application, in which he sought a change in status from alien to permanent resident based upon his marriage. (Docket Entry No.33-2, pages 1-2). In June 2009, the I-130 visa application was denied. (Id., page 1). On July 10, 2009, Petitioner filed, through counsel, a motion to reopen the I-130 visa application decision. (Id., pages 3-4). The motion was denied on April 8, 2010. (Id., pages 3, 5-6).

In late February 2010, Petitioner was arrested while at work on an allegation that he had engaged in a fight. (Docket Entry No.7). On March 31, 2010, Petitioner was inter-viewed by ICE officials while detained in the Harris County Jail, awaiting

2

trial on the charge. (Docket Entry No.1-1, page 2). On August 19, 2010, Petitioner was convicted of assault with bodily injury in a Harris County District Court in case number 050788538. He was sentenced to 350 days confinement in the Harris County Jail. (Docket Entries No.1, page 3; No.1-1, page 2).

Thereafter, on September 19, 2010, Petitioner was remanded to ICE custody in Houston, Texas, pending a hearing with an immigration judge ("IJ"). (Docket Entry No.1-1, page 2). A Notice to Appear alleging deportability under section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") issued the same day.[1] (Docket Entry No.14-2, page 1). Petitioner was charged with removal "in that after admission as a nonimmigrant under Section 101(a)(15) of the Immigration and Nationality Act, he remained in the United States longer than permitted and committed crimes in violation of the Act and other laws of the United States." (Docket Entry No.20, page 2).

On September 27, 2010, Petitioner had the first of numerous appearances before an IJ, who at Petitioner's request continued his case to allow him to obtain counsel, to file for asylum, and to await decision on a later-filed I-130 visa application. (Docket Entry No.33-1, page 1). Petitioner also sought release

---

[1] Section 237(a)(1)(B) of the INA provides that "[a]ny alien who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(I) of this title, is deportable." 8 U.S.C. §1227(a)(1)(B).

on bond, which was refused.  (Docket Entry No.20, pages 1-2).  On October 21, 2010, the IJ denied Petitioner's request for a change in custody status and noted that he was a "risk to abscond." (Docket Entries No.1-1, page 14; No.33-2, page 7).  Petitioner reserved his appeal.  (Docket Entry No.33-2, page 7).

On January 18, 2011, Petitioner's putative wife filed another I-130 visa application.  (Id., page 8).  On April 18, 2011, Petitioner's I-130 visa application was denied for failure to establish a bona fide marriage.  (Id., pages 10-11).  A visa appeal was filed dated May 13, 2011, purportedly signed by Jennifer Malm.  (Docket Entries No.33-2, page 12; No.39-1, page 1).  Petitioner was granted numerous continuances in removal hearings pending adjudication of his new I-130 visa application and the appeal from its denial.  (Docket Entry No.33-1, pages 1-2).  Petitioner reports that the Board of Immigration Appeals (BIA) informed him that this month, on June 5, 2012, his appeal from the denial of the I-130 visa application was dismissed. (Docket Entry No.39, page 1).

On May 15, 2012, Petitioner filed a motion for re-determination of the IJ's decision to deny him bond.  (Docket Entry No.40-1, pages 1-8).  The IJ again denied Petitioner's request for change in custody and noted that there were "no changed circumstances."  (Id., page 10).  Petitioner indicates that he has not filed an appeal from this order because he

4

believed that exhausting his administrative remedies on bond redetermination would be futile due to his indigent status. (Docket Entry No.38, page 1).

Petitioner complains in the present action that he is not subject to mandatory detention because his assault conviction is not a removable offense. (Docket Entry No.17, page 1). He seeks an order directing Respondent to release him from custody, and a preliminary and permanent injunction enjoining Respondent from further unlawful detention pending resolution of removal proceedings. (Id., pages 1-2).

Respondents move to dismiss the present habeas action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on grounds that the Court lacks subject matter jurisdiction and Petitioner has failed to state a claim that his detention is unauthorized under § 1226(a) and violates the Due Process Clause. (Docket Entry No.33). Alternatively, they seek summary judgment under Rule 56 on the same grounds. (Id.).

<u>ANALYSIS</u>

A party seeking a temporary restraining order or a preliminary injunction must prove each of the following elements: (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened

harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987). Petitioner cannot meet this standard for the reasons set out more fully below. Therefore, his request for equitable relief will be denied.

Release on Bond

Respondents urge the court to decline to exercise habeas jurisdiction unless Petitioner first exhausts his administrative remedies by filing a motion for bond redetermination with an IJ and then, if denied bond, appealing the IJ's decision to the BIA. (Docket Entry No.33, page 2).

A challenge to the Court's subject matter jurisdiction is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. When reviewing a motion to dismiss under Rule 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. Williams v. Wynne, 533 F.3d 360, 365 n. 2 (5th Cir. 2008). A motion to dismiss under Rule 12(b)(1) should not be granted "unless it appears certain that the petitioner cannot prove any set of facts in support of [his] claim which would entitle [him] to relief." Saraw Partnership v. United States, 67

6

F.3d 567, 569 (5th Cir. 1995).  The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper.  <u>Hartford Ins. Group v. Lou-Con Inc.</u>, 293 F.3d 908, 910 (5th Cir. 2002).

The Immigration and Naturalization Act ("INA") has two sections that allow for the detention of aliens.  Title 8 U.S.C. § 1226(c) makes it mandatory for the Attorney General to detain any alien who has been convicted of a class of enumerated felonies.  Title 8 U.S.C. § 1226(a) gives the Attorney General the discretion to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States.  It also gives the Attorney General the discretion to continue to detain the alien or release the alien on bond of no less than $1,500 or conditional parole.  8 U.S.C. § 1226(a)(1)-(2).

Petitioner contends that he has not been convicted of any of the crimes referred to in § 1226(c) and, therefore, he should not be detained under § 1226(c).  Petitioner, however, has been charged with removal pursuant to 8 U.S.C. § 1227(a)(1)(B) because he overstayed his visa, and not because of his assault conviction.  (Docket Entry No.1-1, page 3).  Therefore, Petitioner has been detained pursuant to the Attorney General's discretionary judgment under § 1226(a), not § 1226(c).

Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section

shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."  8 U.S.C. § 1226(e). In 2003, the Supreme Court observed, however, that § 1226(e) "contains no explicit provision barring habeas review." <u>Demore v. Kim</u>, 538 U.S. 510, 517 (2003).  Thereafter, Congress added § 1252(a)(5), which provides, in part, that for purposes of Chapter 12, of which § 1226 is part, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to 28 U.S.C. § 2241 or any other habeas provision, sections 1361 and 1651 of such title, and review pursuant to any other provisions of law. <u>Kambo v. Poppel</u>, Civil Action No.SA-07-CV-0800-XR, 2007 WL 3051601, n.4 (W.D. Tex. Oct. 18, 2007). Therefore, "by operation of section 1252(a)(5), section 1226(e) now applies to habeas corpus review." <u>Id.</u>

In <u>Kambo</u>, the court found that under 8 U.S.C. §§ 1226(e), 1252(a)(2)(B)(ii),[2] and the Fifth Circuit's decision in <u>Loa-</u>

---

[2] Section 1252(a)(2)(B)(ii) provides the following, in pertinent part:

(B)  Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

*       *       *       *       *

8

Herrera v. Trominski, 231 F.3d 984 (5th Cir. 2002), it lacked jurisdiction to review the decision to deny release on bond itself or the Attorney General's discretionary judgment regarding the application of § 1226(a), "'including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints.'" Kambo, 2007 WL 3051601 at *10 (quoting Loa-Harrera, 231 F.3d at 991). Likewise, this Court finds that it has no jurisdiction to review the Attorney General's discretionary judgment regarding his application of the release and bond provisions of § 1226(a) as to Petitioner. Federal courts are courts of limited jurisdiction, and Congress could not have been more clear in its 2005 legislation expressly denying jurisdiction to this Court to review under habeas or otherwise the Attorney General's discretionary authority to deny bond in a case such as this. Petitioner's claims seeking review of the denial of bond must therefore be dismissed for lack of jurisdiction.

---

(ii)   any other decision or action of the Attorney General or the
       Secretary of Homeland Security the authority for which is
       specified under this subchapter to be in the discretion of the
       Attorney General or the Secretary of Homeland Security, other
       than the granting of relief under section 1158(a) of this
       title.

8 U.S.C § 1252(a)(2)(B)(ii).

9

Due Process

To the extent that Petitioner seeks to raise a constitutional challenge to his length of detention under § 1226(a), the court may exercise jurisdiction without first requiring exhaustion of administrative remedies. *See* Kambo, 2007 WL 3051601 at *13; Fuller v. Gonzales, Civil Action No.3:04-CV-2039SRU, 2005 WL 818614 at *2 (D. Conn. Apr. 8, 2005) (holding petitioner's claim that § 1226(c) was unconstitutional as applied to her was within the court's jurisdiction and need not be exhausted); see also Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003) (recognizing that federal courts "retain habeas jurisdiction to review statutory and constitutional claims"); Demore, 538 U.S. at 517-18 (analyzing challenge to mandatory detention under 8 U.S.C. § 1226(c)); Oyelude v. Chertoff, 125 Fed. App'x 543, 546 (5th Cir. 2005) (addressing challenge to discretionary detention under 8 U.S.C. § 1226(a)).

Respondents maintain that Petitioner "does not expressly couch his challenge to the continued detention under § 1226(a), as a due process claim"; instead, he "suggested his cause of action had constitutional dimensions in asserting that he was deprived of an alleged bond." (Docket Entry No.33, page 4). Respondents maintain that such claim "does not raise claims of constitutional concern as pled in the habeas petition. Nor does Petitioner's assertion that he was denied a bond raise a claim of

10

constitutional magnitude." (<u>Id.</u>, page 5). They seek dismissal under Rule 12(b)(6), and alternatively under Rule 56(a) of the Federal Rules of Civil Procedure, on the ground that Petitioner has failed to state a claim. (Docket Entry No.33).

In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, including the complaint and documents appended thereto. If any matters outside the pleadings are considered, the motion is converted to one for summary judgment. *See* <u>Murphy v. Inexco Oil Co.</u>, 611 F.2d 570, 573 (5th Cir. 1980). Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Respondents attached a copy of Petitioner's Adjournment History (Docket Entry No.33-1), the Sworn Declaration of Eleanor Robinson Gaither, an Assistant United States Attorney for the Southern District of Texas, Houston Division, and other attachments (Docket Entry No.33-3). To consider these documents, the Court must consider Respondents' motion for summary judgment under Rule 56. *See* <u>Isquith v. Middle S. Utils., Inc.</u>, 847 F.2d 186, 193 (5th Cir. 1988). Moreover, because Respondents specifically moved in the alternative for summary judgment,

Plaintiff had notice and a reasonable opportunity to present all material he has in opposition.

Rule 56(a) provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553 (1986). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986). "If the record, viewed in this light, could

12

not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S.Ct. at 2513.

In his Motion for Release from Custody, Petitioner contends that Respondents have exhausted the time allowed by law to justify his continued detention and thereby, have denied him due process of law under the Fifth Amendment.[3]  (Docket Entry No.18, page 1).

In a ruling that frames a standard for analysis in this case as well, Kambo analyzed a constitutional challenge to detention under § 1226(a), as follows:

> "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." . . . "In the substantive due process analysis, it is the [Government]'s affirmative act of restraining the individual's freedom to act on his own behalf-through incarceration, institutionalization, or other similar restraint of personal liberty – which is the 'deprivation of liberty' triggering the protections of

---

[3]  Petitioner also contends that his criminal conviction is not a deportable offense, an issue which the Court has already addressed.

the Due Process Clause. . . ."  Thus, incarceration by the government triggers heightened, substantive due process scrutiny-there must be a "sufficiently compelling" governmental interest to justify such action, either a punitive interest in imprisoning a convicted criminal or a regulatory interest-that outweighs the individual's constitutionally protected interest in avoiding physical restraint.  The Supreme Court has already held that detention during removal proceedings is civil, not criminal.  Therefore the detention must be supported by an adequate regulatory interest.  Two regulatory interests generally support detention during removal proceedings-ensuring the alien's availability for removal if and when a final order of removal is issued, and protecting the public from potential harm if the alien is released.

Kambo, 2007 WL 3051601 at *18 (citations omitted).

Petitioner's pleadings show that on October 21, 2010, the month after Petitioner was taken into ICE custody, the IJ denied his request for a change in custody status based on the discretionary factor of flight risk, which weighed against Petitioner's release on bond.  (Docket Entry No.1-1, page 14). At the time he filed the pending petition in August 2011, Petitioner had been detained without bond for ten months. (Docket Entry No.1, page 5).  Months later on December 21, 2011, Petitioner invoked the Fifth Amendment in his Motion for Release from Custody; at that time he had been detained for sixteen months.  (Docket Entry No.18, page 1).  "This period is well beyond the short period of detention pending a determination of removability that the Supreme Court assumed was typical when it

14

decided <u>Kim</u>.[4]   Petitioner's . . . present detention is also longer than the six month presumptively reasonable period of post-removal detention set forth by the Court in <u>Zadvydas</u>."[5] <u>Uritsky v. Ridge</u>, 286 F.Supp.2d 842, 846-47 (E.D. Mich. 2003).

Petitioner's pleadings and submissions, however, do not show that Petitioner sought release from his detention by filing a motion for redetermination of the IJ's denial of bond until just last month, in May 2012, or that he has yet filed an appeal from the IJ's denial of a bond.   The summary judgment evidence establishes that Petitioner sought, and Immigration Judge Jimmie Lee Benton granted, a long series of continuances pending the resolution of Petitioner's I-130 visa application and the appeal therefrom, thereby extending the time for resolution of his request for adjustment of status and removal proceedings.[6]

---

[4]   <u>Demore v. Kim</u>, 538 U.S. 510 (2003).

[5]   <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

[6]   Title 8 U.S.C. § 1255(a) provides for the adjustment of status, as follows:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

An alien applies for adjustment of status to that of a lawful permanent resident on an I-485 form.  To be eligible for adjustment of status on the grounds of a family relationship to a permanent resident or citizen of the United States, the applicant must have an approved immigrant visa petition, Form I-130.  An approved I-130 filed by the spouse fulfills the requirement that a visa be "immediately

(Docket Entries No.33-1, pages 1-2; No.33-3, pages 2-5; No.38, page 4; No.39, page 1). Specifically, after being taken into ICE custody on September 20, 2010, Petitioner's removal hearing set before the IJ was postponed at Petitioner's own request on September 27, 2010 (to seek representation); October 21, 2010 (same); November 3, 2010 (same); November 19, 2010 (for Petitioner to file for asylum); December 16, 2010 (same); January 4, 2011 (for Petitioner to file other application); January 13, 2011 (to allow for adjudication of pending I-130); February 25, 2011 (same); April 11, 2011 (same); May 20, 2011 (same); July 7, 2011 (same); October 24, 2011 (same); January 9, 2012 (same); February 21, 2012 (same); April 3, 2012 (same). It is evident that Petitioner repeatedly moved to postpone his hearing and, concomitantly, thereby to extend his own temporary detention, to await new events that may aid his case.

As observed, Petitioner had removal hearing opportunities open to him beginning one week after he was taken into custody and successfully sought postponement of all hearings from that date until the BIA informed him this month--on June 5, 2012--that

---

available." INS v. Miranda, 459 U.S. 14, 15 (1982). Unlike the determination whether a marriage is a sham, the determination of a petition for adjustment is discretionary and not subject to judicial review; furthermore the IJ has exclusive jurisdiction to decide the adjustment of status application. Thereafter an appeal may be made to the BIA. 8 C.F.R. § 245(a)(1), while only the INS may adjudicate the underlying I-130 petition. 8 C.F.R. 204.1(e). Offiong v. Holder, Civil Action No.H-11-CV-0418, 2012 WL 1038650 (S.D. Tex. Mar. 27, 2012).

his I-130 visa application has been dismissed.  Assuming that Petitioner seeks no further continuance of his hearing, there is nothing in the pleadings to suggest that he will be subjected to an indefinite detention.  Indeed, the late Chief Justice Rehnquist in Demore v. Kim, 123 S. Ct. 1708, 1721 (2003), held that the alien's six months' of INS custody was not a substantive due process violation even though it was somewhat longer than average, and pointed out that the duration of detention was in part because "respondent himself had requested a continuance of his removal hearing."  Here, as seen above, Petitioner on *fifteen* occasions during a period of more than 18 months repeatedly requested continuances at each of the fifteen settings he was given for a removal hearing.  Where the delay in conducting an alien's removal proceeding and the prolongation of his accompanying regulatory detention is self-induced, there is no substantive due process violation.  In a pleading dated June 8, 2012, Petitioner suggests that because his appeal from the denial of the I-130 visa application was dismissed, he himself now expects that the IJ will issue an order of removal, in part based upon the IJ having told Petitioner that he could not deport Petitioner until a decision regarding the I-130 visa application was forthcoming.  (Docket Entry No.39, page 1).  In any event, there is no prospect shown in the pleadings or summary judgment evidence of an indefinite detention.

17

Petitioner's pleadings and the summary judgment evidence show that over several years he overstayed his visa, had convictions for two criminal acts, and engaged in a sham marriage. The record also shows that he has been provided ample opportunity to seek an adjustment of status before he was detained and during his detention. There is no showing in the record, however, that Respondents lacked an adequate and proper regulatory interest in his detention. In fact, Petitioner's pleadings and the record support the IJ's determination that Petitioner is a flight risk and support a finding that Respondents have an adequate regulatory interest of ensuring Petitioner's availabilty for removal if and when a final order of removal is issued. The delay in his proceedings, and hence in the length of his detention, is attributable to his own tactical efforts to avoid deportation that do not constitute a denial of substantive due process. Petitioner fails to state a cognizable constitutional challenge to his detention and the discretionary judgment of the Attorney General to detain him pursuant to 8 U.S.C. § 1226(a).

Accordingly, Petitioner's due process claim is subject to dismissal.

CONCLUSION

For the foregoing reasons, it is ORDERED that

1.   Respondent's Supplemental Motion to Dismiss, Reply to Petitioner's Response, Alternatively, Motion for Summary Judgment (Docket Entry No.33) is GRANTED.

2.   The present federal habeas action is DISMISSED with prejudice, but without prejudice to Petitioner filing a new habeas action if--without further dilatory action on his own part--he is denied a prompt removal hearing and facts emerge that demonstrate he may be indefinitely detained in the future.

3.   Petitioner's Motions for Release (Docket Entries No.18, No.25, No.26), Motion to Dismiss (Docket Entry No.30), Motions for Judgment (Docket Entry No.34, No.35), and Motion for Appointment of Counsel (Docket Entry No.36) are DENIED.

4.   All other pending motions, if any, are DENIED.

The Clerk will enter this Order and provide a correct copy to all counsel of record.

Signed at Houston, Texas, on _____June 29_____, 2012.

_____
          EWING WERLEIN, JR.
     UNITED STATES DISTRICT JUDGE

19